UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CHRISTOPHER A. GRIFFIN** and
**LEONOR GRIFFIN,**

                Plaintiffs,

vs.

                                        No. 2:13-cv-10002
                                        Hon. Gerald E. Rosen

**JPMORGAN CHASE BANK, N.A.;**
**UNKNOWN TRUSTEE,** as the Trustee of the
asset-backed security in which the loan at issue
was pooled; and **UNKNOWN TRUST,** the
unknown asset-backed security in which the loan
was pooled,

                Defendants.

_____/

**OPINION AND ORDER**
**DENYING PLAINTIFFS' MOTION TO REMAND**

**I. INTRODUCTION**

This home foreclosure case was filed in Wayne County Circuit Court on December 19, 2012. The complaint was accompanied by a motion for a temporary restraining order ("TRO") to enjoin (i) the expiration of the redemption period, (ii) the eviction of Plaintiffs Christopher and Leonor Griffin from their home, and (iii) the transfer of Plaintiffs' property to any third party. Defendant JPMorgan Chase

1

Bank, N.A. ("JPMorgan") removed the case to this Court on January 2, 2013. Plaintiffs timely filed the present motion to remand on February 1, 2013.

## II. FACTUAL BACKGROUND

On December 19, 2012, Plaintiffs Christopher and Leonor Griffin filed this home foreclosure suit against Defendant JPMorgan and two unidentified Defendants: the asset backed security into which Plaintiffs' home mortgage was sold ("Unknown Trust") and the "Unknown Trustee" of that security. The complaint contains a number of charges against JPMorgan, but no specific allegations of wrongdoing against either the Unknown Trust or the Unknown Trustee, other than the unsupported assertion that the sale of the security violated the terms of the Trust's Pooling and Servicing Agreement.

According to the Wayne County Circuit Court docket, the state court case was closed for removal to federal court on December 20, 2012. That same day, Plaintiffs mailed the summons, complaint, and other state court documents -- for all three Defendants -- to JPMorgan. One set of documents was addressed to JPMorgan itself; the other two were addressed to the Unknown Defendants, "c/o JPMorgan Chase, N.A."

JPMorgan received these service documents on December 24, 2012. Dkt. # 6-8. On January 2, 2013, JPMorgan filed its Notice of Removal in the Eastern

District of Michigan. This filing contained the majority of the documents from the state court, but failed to include a copy of the summons. Although JPMorgan argues in its motion that that it never received these summons -- and points to the lack of proofs of service in the state court docket as evidence of this fact -- its Notice of Removal plainly states that "Chase received copies of Plaintiff's Summons, Complaint, and exhibits to the Complaint on or about December 24, 2012." Dkt. #1, Def.'s Notice of Removal ¶ 2. Further, Plaintiffs' January 31, 2013 filings -- containing the state court summons and proofs of service -- confirm JPMorgan's receipt of these files on December 24, 2012. Dkt. # 6-8.

Plaintiffs timely filed the instant motion to remand on February 1, 2013. Having reviewed the parties' briefs and the record, the Court finds that the pertinent allegations and legal arguments are sufficiently addressed in these materials and that oral argument would not assist in the resolution of this motion. Accordingly, the Court will decide Defendant's motion "on the briefs." See L.R. 7.1(f)(2). The Court's opinion and order is set forth below.

### III. DISCUSSION

Following removal, Plaintiffs' moved to remand this case to state court, arguing that JPMorgan: (i) did not comply with the rule of unanimity when removing the case; (ii) waived its rights to removal by failing to include the

summons of itself and the two unnamed co-defendants in the removal filing; (iii) failed to establish diversity of citizenship; and (iv) failed to establish federal question and / or supplemental jurisdiction over all of Plaintiffs' claims. Plaintiffs' motion is unconvincing, and their motion for remand will be denied.

Beginning with the rule of unanimity, Plaintiffs correctly argue that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). However, 28 U.S.C. § 1441(b)(1) specifically states that "[i]n determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." *See also, e.g.*, *Alexander v. Electronic Data Systems Corp.*, 870 F. Supp. 749, 751 (E.D. Mich. 1994) ("It is well settled that citizenship of unknown or fictitious defendants are not considered in the determination of diversity."). The restriction applies even in cases where the defendant is in a better position than plaintiff to identify the true identity of the would-be defendants. *See Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948 (6th Cir. 1994) (identification of would-be defendant "Jane Doe" as "EDS' Personnel Manager in Michigan" insufficient to destroy diversity jurisdiction).

Would-be Defendants "Unknown Trustee" and "Unknown Trust" are precisely the type of "defendants sued under fictitious names" that are not to be considered in determining diversity jurisdiction under 28 U.S.C. § 1441(b)(1). As

such, even if JPMorgan is in a better position to identify the unknown Defendants -- as Plaintiffs' claim -- it is not required to determine their identity before filing a Notice of Removal. The irrelevance of the fictitious Defendants' citizenship also defeats Plaintiffs' third argument -- that JPMorgan has failed to establish diversity of citizenship -- as the only diversity needed, that between Plaintiffs and JPMorgan, is uncontested.[1]

Plaintiffs next argue that JPMorgan's failure to file three documents -- the state court summons for JPMorgan and both unnamed Defendants -- requires that the case be remanded for failure to comply with the requirements of 28 U.S.C. § 1446(a). The pertinent language of § 1446(a) provides that "[a] defendant or

---

[1] References in both briefs to the citizenship of defendants not-yet-served is misleading in this case. Whereas not-yet-served defendants must be considered in determining diversity, *see Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981), fictitious defendants cannot be considered, 28 U.S.C. § 1441(b)(1). However, the Court does note that Plaintiffs' argument that the two unnamed defendants have been served because JPMorgan accepted service on their behalf is unconvincing. As Plaintiffs correctly point out, Mich. Ct. R. 2.105(D)(2) permits plaintiffs to serve a defendant by "serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office." However, it has not been alleged -- nor has there been any evidence to prove -- that Defendant JPMorgan is a director or trustee of either the trust into which Plaintiffs mortgage was allegedly sold, nor in charge of an office or business establishment of that trust. If JPMorgan were the trustee, then would-be Defendant "Unnamed Trustee" is already part of these proceedings. If JPMorgan is not the trustee, then there is nothing in the complaint indicating that service upon JPMorgan is sufficient to constitute service upon either the Unnamed Trustee or the Unnamed Trust into which Plaintiffs' mortgage was sold.

defendants desiring to remove any civil action from a State court shall file . . . a short and plain statement of the grounds for removal, *together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.*" (emphasis added). Defendants contend that they never received the summons, and are therefore in compliance with the removal requirements. However, JPMorgan's removal documents state that it "received copies of Plaintiff's Summons, Complaint, and exhibits to the Complaint on or about December 24, 2012[,]" and this Court will take JPMorgan at its word on that issue.

Contrary to Plaintiffs' assertion, however, this determination does not require that the case be remanded to state court. While JPMorgan's failure to include a copy of its summons among the removal papers was certainly an error, its error was procedural -- not jurisdictional. *See, e.g.*, *Cook v. Randolph Cnty., Ga.*, 573 F.3d 1143, 1150 (11th Cir. 2009) ("[T]he failure to include all state court pleadings and process with the notice of removal is procedurally incorrect but is not a jurisdictional defect."); *Covington v. Indemnity Ins. Co. of N. Am.*, 251 F.2d 930, 933 (5th Cir. 1958). Such a *de minimis* procedural error is curable in federal courts, even after expiration of the thirty-day removal period. *See, e.g.*, 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3733 (2008) ("The failure to conform to these procedural rules is not a jurisdictional defect, and both the failure to file all the state court papers or to

provide the Rule 11 signature are curable in the federal court if there is a motion to remand."); *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013) (describing defendant's failure to file the state court complaint as a curable, "*de minimis* procedural defect," even "after expiration of the thirty-day removal period."); *Countryman v. Farmers Ins. Exch.*, 639 F.3d 1270, 1272 (10th Cir. 2011); *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011).

JPMorgan's failure to file a copy of its summons can only be described as a *de minimis* error.  It is clear from the record that its Notice of Removal was filed well within thirty days from when the suit was filed, so the date of the summons is irrelevant to any substantive issue that might deprive this Court of subject matter jurisdiction.  Further, in their attempt to prove JPMorgan's inadequate filing, Plaintiffs have provided this Court with copies of the summons in question, thereby obviating any lingering issues regarding their timing or content.  Absent any suggestion that the Plaintiffs, Defendants, this Court, the state court, or anyone else was harmed by JPMorgan's procedural defect, this Court finds remand a disproportional sanction for JPMorgan's error.  *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011) ("Remand would be a disproportionate sanction for a trivial oversight, and when judges measure out sanctions they strive for proportionality."); *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008).

Having already dismissed Plaintiffs' third argument -- the JPMorgan has not demonstrated diversity of citizenship -- there is no need to address Plaintiffs' final argument that this Court lacks federal subject matter and / or supplemental jurisdiction over this case.

## IV. CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand is DENIED.

**IT IS SO ORDERED.**

Dated: May 21, 2013
s/Gerald E. Rosen
GERALD E. ROSEN
CHIEF, U.S. DISTRICT COURT

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 21, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

8